# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SANDY WATERS,
an individual,

   Plaintiff,

CASE NO.:

v.

GOODLEAP, LLC f/k/a LOANPAL, LLC,
a foreign limited liability company,

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, Sandy Waters (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, Goodleap, LLC f/k/a Loanpal, LLC (hereinafter "Defendant"). In support thereof, Plaintiff states the following:

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA").

2. The FCRA was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies and in doing so promote the efficiency and public confidence in the banking system.

3. The TILA is Congress's effort to guarantee the accurate and meaningful disclosure of the costs of consumer credit and thereby to enable consumers to make informed choices in the credit marketplace and avoid abusive lending. See, e.g., *Cappuccio v. Prime Capital Funding*

1

*L.L.C.*, 649 F.3d 180 (3d Cir. 2011) ("Congress enacted TILA to guard against the danger of unscrupulous lenders taking advantage of consumers through fraudulent or otherwise confusing practices."); *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114 (9th Cir. 2009) ("Congress enacted TILA 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available ... and avoid the uninformed use of credit....) (citing 15 U.S.C. § 1601); *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748 (7th Cir. 2000) (Congress enacted TILA to ensure that consumers receive accurate information from creditors in a precise and uniform manner that allows them to compare the cost of credit."); *Rodash v. AIB Mortgage Co.*, 16 F.3d 1142 (11th Cir. 1994) (TILA intended to promote informed use and awareness of cost of credit; ensure meaningful disclosure to enable ready comparison of credit terms); *First Nat'l Bank v. Office of the Comptroller*, 956 F.2d 1456 (8th Cir. 1992) (fundamental purpose of the Act is to require disclosure of true cost of credit so consumers can make informed choice).

## **JURISDICTION, VENUE & PARTIES**

4. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees and costs.

5. Jurisdiction and venue for purposes of this action, are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the FCRA and the TILA.

6. Subject matter jurisdiction and federal question jurisdiction, for purposes of this action, are appropriate and conferred by 28 U.S.C. § 1331, which provides that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and, this action involves violations of 15 U.S.C. § 1681 *et seq.*

7. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and, Defendant transacts business within this District.

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida.

9. Upon information and belief, Defendant is a limited liability company organized under the laws of the state of California with its principal place of business located at 8781 Sierra College Blvd, Roseville, California 95661, and authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 32301.

## GENERAL ALLEGATIONS

10. At all material times herein, Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

11. At all material times herein, Defendant regularly services consumer credit and collects debts associated with the same from consumers in Brevard County, Florida.

12. Pursuant to 15 U.S.C. § 1681b, a consumer report can be used or obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

13. Defendant furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

14. All necessary conditions precedent to the filing of this action occurred, or have been waived.

**FACTUAL ALLEGATIONS**

15. In or around January 2020 Plaintiff was solicited by ESD Home Solutions LLC d/b/a Energy Solutions Direct (hereinafter "ESD"), which had a preexisting relationship with Defendant to act as a co-conspirator stealth consumer finance company, regarding the installation of solar panels at her property located at 4545 Coquina Ave, Titusville FL 32780 (the "Property").

16. ESD falsely represented to Plaintiff that the only cost to her for the installation and continued use of the solar panels would be $300.00 per month to ESD and that she would no longer have to pay an electric bill to her utility provider Florida Power & Light Company.

17. ESD omitted the fact that the actual cost of the solar panels would be in the sum of $75,040.00.

18. ESD and Defendant omitted and concealed the fact that ESD and Defendant would and did enter Plaintiff into a third-party consumer loan with Defendant, without Plaintiff's knowledge or consent, without any written loan agreement, in the principal amount of $75,040.00, with interested accruing (the "Loan").

19. As a result of the fraudulent representations and omission of material facts by ESD and Defendant, on or about January 10, 2020, Plaintiff allegedly entered into an agreement with ESD for the installation of solar panels at the Property.

20. Without Plaintiff's authorization or consent ESD and Defendant then fabricated the Loan between Plaintiff Defendant, without any notice, retail installment agreement, loan agreement, or writing of any kind between Plaintiff and Defendant.

21. Plaintiff did not authorize, execute, or apply to receive the Loan from Defendant.

22. According the Public Records of Brevard County, Florida on or about April 14, 2020, Defendant filed a State of Florida Uniform Commercial Code Financing Statement Form fixture filing listing Plaintiff as a debtor and listing the Property (the "UCC Filing").

23. Plaintiff did not become aware of the Loan until receiving a loan statement by mail in or around November of 2020.

24. Prior to the origination of the Loan, Plaintiff never received any written disclosures regarding the Loan of any kind, such as the annual percentage rate, the finance charges, the amount financed, or otherwise.

25. Plaintiff did not consent to ESD using or obtaining her consumer report.

26. Plaintiff did not consent to Defendant using or obtaining her consumer report.

27. Plaintiff never provided Defendant with authorization to file the aforementioned UCC Filing against the Property.

28. Plaintiff has disputed the validity of the Loan with Defendant, to no avail.

29. Counsel for Plaintiff contacted Defendant to advise of the unauthorized origination of the Loan and requested a copy of any documents pertaining to the Loan. To date, Defendant has not provided a copy of any documents pertaining to the Loan, which, based upon information and belief, do not exist.

30. The unauthorized Loan caused a drastic negative impact on Plaintiff's credit.

31. As a result of the negative impact on Plaintiff's credit worthiness, Plaintiff had at least one of her credit card accounts cancelled.

32. Defendant never had a permissible purpose to use or obtain Plaintiff's consumer report.

33. Defendant obtained Plaintiff's consumer report under false pretenses to the credit bureaus because Plaintiff never provided authorization for a credit pull, nor did Plaintiff seek any credit or extension of credit from Defendant.

34. Defendant knew or should have known that Plaintiff did not initiate any credit transaction or authorize any inquiry into Plaintiffs' credit information at any time.

35. As a result of Defendant's fraudulent, willful, wanton, reckless, and/or negligent actions, Plaintiff has been damaged.

36. The consumer reports used and/or obtained by Defendant included a trove of sensitive personal and private information about Plaintiff, such as birthdates, credit history profile, and the like.

37. Plaintiff's privacy has been invaded as a result of the fraudulent, willful, wanton, reckless and/or negligent conduct of Defendant.

38. Plaintiff has suffered mental and emotional distress, worry, and aggravation as a result of Defendant's actions.

39. As a result of Defendant's falsely and fraudulently created loan and unauthorized, fraudulent, and inaccurate credit reporting, Plaintiff suffered damages, including, but not limited to:

   i. Debt in her name that she does not owe;
   ii. Defamation of credit;
   iii. Reduced Credit availability;
   iv. Lowered credit score due to no fault of her own;
   v. Loss of time;
   vi. Loss of money attempting to correct the inaccurate information;
   vii. Emotional distress;
   viii. Frustration;

    ix. Anxiety;

    x. Humiliation; and

    xi. Mental anguish.

## Count I:
### (Violations of the Fair Credit Reporting Act)

40. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set out herein.

41. Defendant has violated the FCRA by willfully and/or negligently using and obtaining Plaintiff's consumer credit reports without a statutorily permissible purpose and upon false pretenses. 15 U.S.C. §§ 1681b(f), 1681n, 1681o, 1681q.

42. Defendant violated §1681b(f) of the FCRA as to Plaintiff by obtaining her consumer report for an application of credit when Plaintiff did not apply for credit or otherwise authorize Defendant to access her consumer credit report.

43. As a result of Defendant's violations of 15 U.S.C. §1681b, Plaintiff suffered actual damages, including but not limited to: reduced credit score, mental anguish and emotional distress from the invasion of her privacy the possibility of future unauthorized inquiries into her personal financial information.

44. The conduct and actions of Defendant were willful, deliberate, intentional, and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against Defendant in an amount to be determined by the Court.

45. The statutory and tortious violations by Defendant constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## Count II:
### (Violations of the Truth in Lending Act)

46. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set out herein.

47. The Truth in Lending Act mandates that lenders disclose certain "costs of credit" associated with the transaction. Accurate disclosure of the "amount financed," the "finance charge," and the "Annual Percentage Rate" (APR) is necessary in order for consumers to be able to make meaningful comparisons of credit alternatives and are mandatory disclosures. 15 U.S.C. §1638.

48. Terms such as "amount financed," "finance charge," and "annual percentage rate" must be used, as well as a "descriptive explanation" of each of these terms. 15 U.S.C. § 1638(a).

49. The TILA mandates that these disclosures be written in a manner that is accurate, clear and conspicuous. *See* 15 U.S.C. §§ 1632(a), 1638(a)(2)–(5); Reg. Z, §1026.17(a).

50. Defendant did not provide Plaintiff with any mandatory disclosures.

51. In conjunction with the disclosure of the amount financed, a creditor shall provide a statement of the consumer's right to obtain, upon a written request, a written itemization of the amount financed. 15 U.S.C. § 1638(b).

52. Defendant did not provide Plaintiff with a statement of consumer rights in accordance with 15 U.S.C. § 1638(b).

53. By failing to provide the required disclosures prior to consummation of the transaction Defendant violated 15 U.S.C. § 1638(b) and Regulation Z § 1026.17(b).

54. Defendant did not comply with the requirements of the TILA.

55. By reason of the aforesaid violation of the TILA and Regulation Z, Defendant is liable to Plaintiff for actual damages to be established at trial, and attorney's fees and costs in accordance with 15 U.S.C. § 1640.

### Count III:
### (Fraud)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39), forty-one (41) through forty-five (45) and forty-seven (47) through fifty-four) (54), as if fully set out herein.

57. Defendant affirmatively concealed and knew that Plaintiff did not know that Defendant intended to and did, without any written agreement or required consumer disclosures of any kind, intentionally and fraudulently created a loan in Plaintiff's name, obtained Plaintiff's credit report, and reported unauthorized debt on behalf of Plaintiff to credit reporting agencies.

58. As a direct and foreseeable result of Defendant's intentional conduct, Plaintiff suffered damages.

### PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully request an entry of:

a. Judgment against Defendant declaring that Defendant violated the TILA;
b. Judgment enjoining Defendant from engaging in further conduct in violation of the TILA;
c. Judgment against Defendant declaring that Defendant violated the FCRA;
d. Judgment against Defendant for maximum statutory damages for violations of the FCRA;
e. Judgment enjoining Defendant from engaging in further conduct in violation of the FCRA;
f. Actual damages in an amount to be determined at trial;

    g. Statutory damages;

    h. Compensatory damages in an amount to be determined at trial;

    i. Punitive damages in an amount to be determined at trial;

    j. An award of attorney's fees and costs; and

    k. Any other such relief the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a jury trial by jury on all issues triable by right.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby give notice to Defendant and demand that Defendant and their affiliates safeguard all relevant evidence-paper, electronic documents, or data-pertaining to this litigation as required by law.

Respectfully submitted,

*s/Ethan B. Babb, Esq.*
**ETHAN B. BABB, ESQ.**
Florida Bar No.: 0127488
ebabb@llr.law
**AARON D. LYONS, ESQ.**
Florida Bar No. 85758
Email: alyons@llr.law
**LACEY| LYONS| REZANKA**
1901 S. Harbor City Boulevard
Suite 505
Melbourne, Florida 32901
Tel: (321) 608-0890
Fax: (321) 608-0891
*Counsel for Plaintiff*