UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDY WATERS,
an individual,

        CASE NO.: 6:21-cv-01644-ACC-DCI

    Plaintiff,

v.

GOODLEAP, LLC f/k/a LOANPAL, LLC,
a foreign limited liability company,

    Defendant.
_____/

## RESPONSE IN OPPOSITION TO MOTION TO COMPEL ARBITRATION

Plaintiff, Sandy Waters ("Plaintiff"), by and through her undersigned counsel, herby files this Response in Opposition to Defendant's Motion to Compel Arbitration (Doc. 12) In support, Plaintiff state as follows:

## BACKGROUND

Plaintiff has filed an action for violations of the Fair Credit Reporting Act and the Truth in Lending act arising from the unauthorized fabrication of a consumer loan to Plaintiff from Defendant, Goodleap, LLC f/k/a Loanpal, LLC ("Defendant"), stemming from a solar panel installation at her property performed by ESD Home Solutions LLC d/b/a Energy Solutions Direct ("ESD").

Plaintiff denies that a valid arbitration agreement exists or that she entered into the Loan Agreement attached as Exhibit "A" to the Defendant's Motion to Compel Arbitration (Doc. 12). This position is supported by allegations of the Plaintiff's Complaint (Doc. 1) along with her Sworn Declaration. As alleged in the Plaintiff's Complaint: (1) without Plaintiff's authorization or consent ESD and Defendant then fabricated the Loan between Plaintiff and Defendant, without

1

any notice, retail installment agreement, loan agreement, or writing of any kind between Plaintiff and Defendant (Doc. 1, ¶ 20) and (2) Plaintiff did not authorize, execute, or apply to receive the Loan from Defendant (Doc. 1, ¶ 21).

In her Declaration, Plaintiff attest that: (1) she did not see, sign or initial any part of the purported Loan Agreement, including the arbitration clause in paragraph 15 and that moreover the signatures and initials therein are forgeries; (2) she did not knowingly or intentionally agree to the Loan Agreement; (3) she did not knowingly or intentionally agree to binding arbitration; and (4) she did not knowingly or intentionally agree to waive her right to a jury trial. See *Declaration of Sandy Waters* at ¶¶ 2-5, attached hereto as **Exhibit "A"**. As such, Plaintiff did not agree to arbitration. Accordingly, Defendant's Motion should be denied with prejudice. In the alternative, Plaintiff should be afforded an evidentiary hearing to determine the existence of a binding arbitration agreement.

## MEMORANDUM OF LAW

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, governs the enforceability of an arbitration agreement. That statute commands that before compelling arbitration of a dispute, the Court must first be satisfied that the parties agreed to arbitrate the dispute. *See id.* § 4 (directing that courts must direct the parties to arbitration "upon being satisfied that the making of the agreement for arbitration . . . is not in issue"); *see also Mitsubishi Motors Corp. v. Soler ChryslerPlymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."). "Simply put, parties cannot be forced to submit to arbitration if they have not agreed to do so." *Chamlee v. Jonesboro Nursing and Rehab. Ctr., LLC*, No. 18-CV-05899, 2019 WL 6042273, at *1 (N.D. Ga. Aug. 14, 2019) (citation omitted).

Section 4 of the FAA provides that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. The Eleventh Circuit has held that "a summary judgment-like standard is appropriate" when the making of an arbitration agreement is in question and "that a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement.'" *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (quoting FED. R. CIV. P. 56(a)).

"A [p]laintiff can raise a genuine issue of fact regarding the validity of an arbitration agreement by (1) making an unequivocal denial that there was an agreement, and (2) producing evidence to substantiate the denial." *Hilton v. Fluent*, 297 F. Supp. 3d 1337, 1341 (S.D. Fla. 2018) (citation and internal quotations omitted). This determination is to be made solely by the Court with no thumb on the scale towards finding a valid arbitration agreement, so "while doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1116 (11th Cir. 2014) (citation omitted).

To the contrary, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Thus, "a district court considering the making of an agreement to arbitrate should give to the party denying the agreement the benefit of all reasonable doubts and inferences that may arise." *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 786 (11th Cir. 2008) (citation and internal quotations omitted). A genuine dispute of fact concerning contract formation precludes a court from deciding as a matter of law that the parties did or did not enter into an agreement to arbitrate. *See Granite Rock Co. v. Int'l Bhd. of*

*Teamsters*, 561 U.S. 287, 296 (2010). "An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) (citation omitted).

## ARGUMENT

**I.     There is not a valid agreement for arbitration as Plaintiff did not acquiesce and her signatures were forged.**

"Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements." *Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001). Under Florida law, "[i]t is well established that a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract ...." *Greater New York Corp. v. Cenvill Miami Beach Corp.*, 620 So.2d 1068, 1070 (Fla. 3d DCA 1993).

A court cannot compel parties to arbitrate their dispute in the absence of clear agreement to do so. *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). "Under the FAA, parties forced to submit to arbitration if they have not agreed to do so." *Chambers v. Groome Transp. of Alabama*, 41 F.Supp.3d 1327, 1339 (M.D. Ala. 2014). A court must determine whether there is an agreement to arbitrate, which is generally a decision for the court and not an arbitrator unless the parties have expressly agreed otherwise. *See Chambers*, 41 F.Supp.3d at 1335-1336.

Defendant argues in its Motion to Compel Arbitration that Plaintiff and Defendant entered into a Loan Agreement containing an arbitration agreement and moreover that Plaintiff signed the Loan Agreement certifying that she agreed to be bound by terms of the loan agreement. To the contrary there was no meeting of the minds as to the Loan Agreement or the Arbitration Agreement as established by the fact that the Plaintiff did not see, sign or initial any part of the purported Loan

4

Agreement, including the arbitration clause in paragraph 15 and that moreover the signatures and initials therein are forgeries. See *Declaration of Sandy Waters* at ¶ 2. Therefore the Court cannot compel the parties this dispute in absence of

### II. Plaintiff unequivocally denies agreeing to arbitration and sets forth evidence to substantiate the denial.

"The party opposing a motion to compel arbitration or to stay litigation pending arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration." *Sims v. Clarendon Nat'l Ins. Co*., 336 F.Supp.2d 1311, 1314 (S.D.Fla.2004). "This burden is not unlike that of a party seeking summary judgment"; "the party opposing arbitration should identify those portions of the pleadings, depositions, answers to interrogatories, and affidavits which support its contention." *Id*.; see also *Bertram v. Beneficial Consumer Discount Co*., 286 F.Supp.2d 453, 456 (M.D.Pa.2003) (in the context of a motion to compel arbitration or to stay litigation pending arbitration, "the court may consider the pleadings, documents of uncontested validity, and affidavits or depositions submitted by either party").

Plaintiff's Declaration sufficiently set forth facts to showing that the Court should not compel arbitration as she did not see, sign or initial any part of the purported Loan Agreement or arbitration clause included therein. See *Declaration of Sandy Waters* at ¶ 2.

### CONCLUSION

Based on the facts and circumstances surrounding the execution of the purported Loan Agreement and Arbitration Agreement, the Court should enter an order finding that Plaintiff did not agree to be entered into the Arbitration Agreement. Therefore, Plaintiff's Motion to Compel Arbitration should be denied with prejudice. In the alternative Plaintiff should be granted an

evidentiary hearing on the question of whether there exists a valid agreement to arbitrate and allow the parties to engage in limited discovery regarding the issue.

**WHEREFORE**, Plaintiff respectfully request this Court enter an Order denying Defendant's Motion to Compel Arbitration with prejudice, or in the alternative grant Plaintiff's request for evidentiary hearing regarding the issues of whether there is a binding agreement for arbitration.

Dated: November 19, 2021.

                                                Respectfully submitted,

                                                *s/Ethan B. Babb, Esq.*
                                                **ETHAN B. BABB, ESQ.**
                                                Florida Bar No.: 0127488
                                                ebabb@llr.law
                                                **AARON D. LYONS, ESQ.**
                                                Florida Bar No. 85758
                                                Email: alyons@llr.law
                                                **LACEY| LYONS| REZANKA**
                                                6023 Farcenda Pl., Suite 102
                                                Melbourne, Florida 32940
                                                Tel: (321) 608-0890
                                                Fax: (321) 608-0891
                                                *Counsel for Plaintiff*

## CERITIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19, 2021, I e-filed this document using the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.

                                                *s/Ethan B. Babb, Esq.*
                                                **ETHAN B. BABB, ESQ.**